UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THEODORE GINNERY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:06-CV-579 |
| ALAN BLAKE, et al., | ) ) ) |
| Defendants. | ) |

### **MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion for the appointment of counsel. The appointment of counsel for an indigent pro se plaintiff lies within the discretion of the Court, as there is no constitutional or statutory right to appointed counsel in civil cases. Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted); see 28 U.S.C. § 1915(e) ("when an indigent prisoner has pleaded a nonfrivolous cause of action, a court may appoint counsel.") (emphasis added).

Ginnery, an inmate who is housed the Missouri Sexual Offender Treatment Center in Farmington, Missouri, filed his pro se complaint, naming as defendants Mary Beth Rowe, a registered nurse, and Alan Blake. Ginnery claims Mary Beth Rowe overrode a doctor's order allowing him to use a wheelchair for long distances. Ginnery attached to his complaint a copy of his March 13, 2006 grievance concerning the matter. Ginnery seeks injunctive relief, specifically, "to have the court look into the matter" and have Rowe removed from her position.

The court notes a discrepancy in Ginnery's hand-written complaint and his civil cover sheet. Ginnery's hand-written complaint states he is pursuing this action pursuant to the Americans with

Disabilities Act while his civil cover sheet states that he is proceeding under 42 U.S.C. § 1983. The court construes Ginnery's complaint as a deliberate indifference to medical needs claim pursuant to 42 U.S.C. § 1983.

Once the plaintiff alleges a prima facie claim, the Court must determine the plaintiff's need for counsel to litigate his claim effectively. In re Lane, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (8th Cir. 1995), abrogated on other grounds, Doe v. Cassel, 403 F.3d 986, 989 (8th Cir. 2005). (citations omitted). This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." Phillips, 437 F.3d at 794 (citing Edgington, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not mandated at this time. The action appears to involve straightforward questions of fact rather than complex questions of law, and plaintiff appears able to fairly well present and investigate his claim. Thus, the Court will deny plaintiff's motion for appointment of counsel without prejudice.

The court also notes defendants have filed a motion to dismiss for failure to state a claim and that Ginnery has not filed a response. The court will allow Ginnery until November 16, 2006 to file a response to the motion.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** without prejudice. [Doc. 4]

**IT IS FURTHER ORDERED** that plaintiff shall have until November 16, 2006 in which to

file a response to defendants' motion to dismiss.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 16th day of October, 2006.