# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| THEODORE GINNERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:06-CV-579 CAS |
| | ) | |
| ALAN BLAKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants Alan Blake and Mary Beth Rowe's motion to dismiss plaintiff's claims against them under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff did not file a response. For the following reasons, the Court will grant in part and deny in part defendants' motion to dismiss.

**Background**.

Plaintiff is a civilly-committed individual currently residing at the Missouri Sexual Offender Treatment Center ("MSOTC") in Farmington, Missouri. Plaintiff's complaint is brought under the Americans with Disabilities Act, 42 U.S.C. §§ 12112, et seq.[1] The complaint names Blake and Rowe as defendants. In the body of the complaint, plaintiff states that "a registered nurse" overrode "a doctor's orders" that plaintiff "should have a wheelchair for long distance." Complaint at 3. Plaintiff also asserts that he filed a grievance concerning the issue "to no avail the head of staff just close there

---

[1] The Memorandum and Order of October 17, 2006 [Doc. 13], which denied plaintiff's motion for appointment of counsel, incorrectly construed plaintiff's complaint as asserting claims under 42 U.S.C. § 1983, based on the nature of the action portion of the civil cover sheet. This error does not affect the substance of the Court's ruling denying plaintiff's motion, however.

[sic] eyes to these matters and let her practice what she wants if it be a doctor so be it or a nurse so be it she does what she wants." Id. A copy of the grievance is attached to the complaint.

The statement of the relief sought by the complaint is as follows: "I wish to have the Court look into said matter and at best stop the practice of a registered nurse practicing as a doctor and to open the staff eyes to the matters at hand and to deal with it. [A]nd to have said Mary Beth Rowe remove[d] from the staff here and not to practice nursing at all." Complaint at 4. Plaintiff does not seek monetary relief in the complaint.

**Legal Standard**.

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. A complaint shall not be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id.; see also Neitzke v. Williams, 490 U.S. 319, 327 (1989).

When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir.), cert. denied, 540 U. S. 825 (2003). The Court is, however, "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002). Ordinarily, only the facts alleged in the complaint are considered in ruling on a 12(b)(6) motion, but materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).

Pro se pleadings are to be liberally construed and are held to less stringent standards than those drafted by an attorney. Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994). Nevertheless, pro se pleadings must not be conclusory and must state sufficient facts which, when taken as true, support the claims advanced. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). The Court "will not supply additional facts, nor will [it] construct a legal theory for plaintiff that assumes facts that have not been pleaded." Id. (quoting Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989)).

**Discussion**.

The defendants move to dismiss plaintiff's complaint on two grounds. First, defendants assert that plaintiff fails to allege in the body of the complaint what either of the named defendants did to violate the ADA. Second, defendants state that plaintiff fails to state the capacity in the which the defendants are being sued and also fails to state which of the three titles of the ADA the defendants allegedly violated. Defendants assert that under Eighth Circuit precedent, a defendant may not be sued in his or her individual capacity under Title I, Title II or Title III of the ADA. Defendants conclude, "Without something more from plaintiff, . . . it is impossible to discern the scope of the allegations he makes and against whom he makes them. This is a fatal flaw demanding dismissal." Mem. Supp. Mot. Dismiss at 3.

Defendants' first argument is unsupported by citation to any authority, and is without merit. When the complaint and the attached grievance are liberally construed, it is readily understood that defendant Rowe is the nurse alleged to have deprived plaintiff of a wheelchair in violation of physician's orders. Rowe is referenced in the prayer for relief and in the attached grievance, in addition to being named as a defendant in the caption. Defendant Blake is a proper defendant

because he is the director of the MSOTC where plaintiff is committed.[2] The Court does not interpret the complaint to allege that Blake himself took action with respect to the denial of a wheelchair or the grievance thereof, although plaintiff does allege that "the head of staff just close [their] eyes to these matters." Complaint at 3. Rather, Blake is properly sued because he has authority and power over the MSOTC and he would be able to execute the actions required by any injunction. Cf. Randolph v. Rodgers, 253 F.3d 342, 345-46 (8th Cir. 2001) (claims for prospective injunctive relief under the ADA were properly asserted against the director of the Missouri Department of Corrections, as an injunction against her would have effect no matter where in the system the plaintiff was incarcerated).

The Court turns to defendants' second argument. Plaintiff's failure to identify the ADA title under which he brings suit is not fatal to his claim. "The ADA consists of three titles addressing discrimination against the disabled in different contexts." Gorman v. Bartch, 152 F.3d 907, 911 (8th Cir. 1998). "Title I prohibits employment discrimination, 42 U.S.C. § 12112, Title II prohibits discrimination in the services of public entities, 42 U.S.C. § 12132, and Title III prohibits discrimination by public accommodations involved in interstate commerce such as hotels, restaurants, and privately operated transportation services, 42 U.S.C. §§ 12182, 12184." Id., 152 F.3d at 911. Because plaintiff does not allege disability discrimination in employment or in public accommodations in interstate commerce, his complaint is properly interpreted as asserting a claim under Title II of the ADA. Cf. Damron v. North Dakota Comm'r of Corr., 299 F.Supp.2d 970, 976 (D.N.D. 2004) (prisoner's generic ADA claim against prison officials was properly construed as a Title II claim).

---

[2]The Court takes judicial notice of this fact based on the numerous lawsuits which have been filed against Mr. Blake in this district, naming him as the director of the MSOTC program at Farmington.

Title II prohibits qualified individuals with disabilities from being excluded from participation in or the benefits of any of the services, programs or activities of a public entity. A qualified individual with a disability is defined as any person who "meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). The term "public entity" is defined as "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1). Title II authorizes suits by private citizens for money damages against public entities which violate the provisions of section 12131. In Pennsylvania Department of Corrections v. Yeskey, 524 U.S. 206 (1998), the Supreme Court held that Title II applies to state prisons.

The Eighth Circuit has held that persons may not be sued in their individual capacities directly under the provisions of Title II. Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1998). This is because "Title II provides disabled individuals redress for discrimination by a 'public entity.' See 42 U.S.C. § 12132. That term, as it is defined within the statute, does not include individuals. See 42 U.S.C. § 12131(1)." Alsbrook, 184 F.3d at 1005 n.8 (citations omitted). Therefore, to the extent plaintiff's complaint asserts Title II claims against the defendants in their individual capacities, it is properly dismissed for failure to state a claim.

A plaintiff can, however, bring claims against individual defendants in their official capacities for prospective injunctive relief under Title II of the ADA, by virtue of Ex Parte Young, 209 U.S. 123 (1908), which "permits an injunction against a state official in his official capacity to stop an ongoing violation of federal law." Randolph, 253 F.3d at 348.

Accordingly, the Court must determine whether plaintiff has asserted claims against the defendants in their official capacities. As defendants observe, the complaint is silent as to the capacity in which they are sued. In Nix v. Norman, 879 F.2d 429 (8th Cir.1989), an action under 42 U.S.C.

§ 1983, the Eighth Circuit held that a plaintiff who wishes to sue a state official in his personal capacity must so specify in the complaint, because the "Eleventh Amendment presents a jurisdictional limit on federal courts in civil rights cases against states and their employees." Id. at 431. If a plaintiff's complaint is silent about the capacity in which he is suing the defendant, the Eighth Circuit has instructed that for Eleventh Amendment purposes the complaint is construed as including only official-capacity claims. Egerdahl v. Hibbing Community Ctr., 72 F.3d 615, 620 (8th Cir. 1995) (citing DeYoung v. Patten, 898 F.2d 628, 635 (8th Cir.1990), overruled on other grounds by Forbes v. Ark. Educ. Television Commc'n Network Found., 22 F.3d 1423 (8th Cir.1994) (en banc), cert. denied, 513 U.S. 995 (1994)). Thus, "a plaintiff who wishes to sue a state official in his [or her] personal capacity must so specify in [his or] her complaint." Id.

The Court does not believe, however, that the rule of construction described above would apply to a plaintiff in an ADA case seeking only prospective injunctive relief, as the issue of Eleventh Amendment immunity does not arise here. The Court therefore declines to mechanically apply the rule for this case, and instead will examine the allegations of the complaint to determine the capacity in which the defendants are sued. In Nix v. Norman, the Eighth Circuit explained that as a general rule "individual-capacity suits involve actions taken by governmental agents outside the scope of their official duties." Id. at 431. In contrast, "Official-capacity suits typically involve either allegedly unconstitutional state policies or unconstitutional actions taken by state agents possessing final authority over a particular decision." Id.

Plaintiff's complaint alleges that Rowe, in her capacity as a registered nurse on staff at MSOTC, exercised final authority over the decision to deny him use of a wheelchair. This action, although alleged to be improper, was certainly within the scope of Rowe's official duties. The

6

primary relief plaintiff seeks against Rowe is to have her removed from the MSOTC staff. The Court construes these allegations as asserting a claim against Rowe in her official capacity.

With respect to Blake, the Court has stated that it does not interpret the complaint to assert that Blake had any personal involvement with the decision to deny plaintiff a wheelchair, or the grievance arising from the denial. Nonetheless, the Court has determined that Blake, as director of the MSOTC, is a proper defendant because he would have the authority to carry out any injunctive relief ordered in this action. The Court therefore concludes that plaintiff's claims against Blake arise out of Blake's official duties and authority, and are asserted against him in his official capacity.

Because plaintiff has asserted claims against Rowe and Blake in their official capacities for prospective injunctive relief under Title II of the ADA, the remainder of defendants' motion to dismiss should be denied. The Court does not determine whether plaintiff has stated a prima facie case under Title II of the ADA, see, e.g., Layton v. Elder, 143 F.3d 469, 4721 (8th Cir. 1998), as that issue is not before it at the present time.

**Conclusion**.

For the foregoing reasons, the defendants' motion to dismiss will be granted to the extent plaintiff asserts ADA Title II claims against the defendants in their individual capacities, and denied to the extent plaintiff asserts ADA Title II claims against the defendants in their official capacities for prospective injunctive relief. Defendants' motion for additional time to file their summary judgment motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss is **GRANTED in part** and **DENIED in part**; said motion is **GRANTED** to the extent that plaintiff asserts ADA Title II claims

7

against defendants Rowe and Blake in their individual capacities, and **DENIED** to the extent plaintiff asserts ADA Title II claims against Rowe and Blake in their official capacities for prospective injunctive relief. [Doc. 10]

**IT IS FURTHER ORDERED** that defendants are granted until March 14, 2007 to file a motion for summary judgment. Plaintiff shall file his opposition memorandum by April 13, 2007, and defendants shall file their reply by April 23, 2007. The parties are advised that the Court requires compliance with Local Rule 4.01(E) concerning statements of uncontroverted material fact.

An appropriate order of partial dismissal will accompany this memorandum and order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  21st  day of February, 2007.